# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES *ex rel.* MONA SABET ) \
EDALATI and DAVID EDALATI; and ) \
MONA SABET EDALATI and DAVID ) \
EDALATI, individually, ) \
                                         **Plaintiffs/Relators,**  ) \
v. )         Case No. 17-02395-CM-GEB \
PARAMJEET SABHARWAL, ) \
WANDA KANIEWSKI, KANSAS ) \
INSTITUTE OF MEDICINE LLC, ) \
KASAS INSTITUTE OF MEDICINE, INC., ) \
and MINIMALLY INVASIVE SURGERY ) \
HOSPITAL, INC., ) \
                                         **Defendants.**  )

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff/Relator Dr. David Edalati's Motion to Dismiss Counts III, VII, and VIII of Defendants' Counterclaims. (Doc. 25.)

### I.    FACTUAL BACKGROUND

Plaintiffs are former employees of defendants Minimally Invasive Surgical Hospital and Kansas Institute of Medicine. Defendants are two doctors licensed in the State of Kansas, one for-profit hospital, and two corporate entities that operate a medical clinic. Plaintiffs filed this *qui tam* action against defendants on behalf of the United States, alleging multiple violations of the False Claims Act, including retaliation after plaintiffs took action to oppose defendants' allegedly unlawful conduct.

On May 8, 2019, defendants answered and alleged eight counterclaims against plaintiffs, including two counterclaims for conversion (Counts III and VII) and one counterclaim for defamation

-1-

(Count VIII). Defendants' counterclaims for conversion are based on the former employment of plaintiff Dr. Edalati and his duties under various employment agreements, while defendants' counterclaim for defamation is based on plaintiff's alleged communications to patients. Plaintiff Dr. Edalati disputes the validity of the employment agreements and moves to dismiss these three counterclaims as either unavailable under Kansas law or inadequately pleaded.

## II. LEGAL STANDARDS

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes true all well-pleaded facts in the complaint, disregards all legal conclusions worded as factual allegations, and grants the non-moving party all reasonable inferences from the pleadings. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted); *see Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## III. DISCUSSION

Plaintiff argues that defendants cannot bring their counterclaims for conversion because those claims are based on the parties' disputed employment agreements, and that defendants' counterclaim for defamation is inadequately pleaded. Defendants argue that Federal Rule of Civil Procedure 8 permits their conversion counterclaims as a pleading of inconsistent grounds, and that the court should allow defendants to proceed to discovery so that they may cure the deficiencies in their counterclaim for defamation. The court will address defendants' counterclaims for conversion before turning to defendants' counterclaim for defamation.

### A. Conversion

In Kansas, a party may bring a tort claim parallel to a breach of contract claim when the tort is independent of the bargained-for duties of the contract. *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1032 (D. Kan. 2018); *see Rezac Livestock Comm. Co. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1171–72 (D. Kan. 2017) ("Plaintiff's conversion claim rests not on the terms of any contract . . . ."). If the duties allegedly breached by the tort claim are specifically outlined in the contract, then the tort claim is part of the contractual relationship and may not be separately brought. *See M.F. v. ADT, Inc.*, 357 F. Supp. 3d 1116, 1136–37 (D. Kan. 2018) (stating the difference as "whether the contract calls for a specific result").

Defendants rely on the parties' disputed employment agreements as the basis for defendants' conversion counterclaims. Defendants allege that plaintiff Dr. Edalati received fees for medical work, that those fees are the property of defendants, and that plaintiff has improperly exercised ownership over those fees by not remitting them to defendants. Defendants' various claims for breach of contract (Counts I and V) and an accounting (Counts II and VI) show that this duty to remit fees is based on specific language of the parties' disputed employment agreements. (*See* Doc. 21, at 12–13, 16–17.) The disputed employment agreements call for a specific result, and defendants' counterclaims for conversion are based on specific remittance obligations owed under those agreements. *See M.F.*, 357 F. Supp. 3d at 1136–37. These claims are therefore part of the alleged breach of a contractual relationship and, under Kansas law, may not be separately brought in tort. While defendants may attempt to recover these allegedly misappropriated funds, they may not do so through the tort of conversion.

While the court recognizes defendants' position that they should be permitted to allege inconsistent grounds under Federal Rule of Civil Procedure 8, the Rule does not cure claims that are

-3-

unavailable by law. Defendants' counterclaims for conversion are subject to dismissal not because they are inconsistent with defendants' contract-based claims, but because they rely on a contract-based duty. *See Bittel v. Farm Credit Servs. of Cent. Kan.*, 962 P.2d 491, 498 (Kan. 1998) (requiring independent tort for a plaintiff to pursue both remedies). Kansas law limits defendants' counterclaims to relief in contract.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), because defendants' counterclaims for conversion are unavailable under Kansas law, the court dismisses defendants' counterclaims.

### B. Defamation

"To state a claim for defamation under Kansas law, plaintiff must allege (1) false and defamatory words; (2) communicated to a third person; (3) which resulted in harm to his reputation." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1271 (D. Kan. 2008) (citing *Hall v. Kan. Farm Bureau*, 50 P.3d 495, 504 (Kan. 2002)). "To sufficiently plead a defamation claim, the complaint must allege the defamatory words, the communicator of those words, the persons to whom those words were published and the time and place of publication." *Id.* at 1271–72.

Defendants' counterclaim for defamation alleges: "[p]laintiff Dr. David Edalati has communicated false and defamatory statements to patients and other physicians, including telling patients that Kansas Institute of Medicine has closed its clinic and telling patients that Dr. Sabharwal and Kansas Institute of Medicine will not honor their promises." (Doc. 21, at 20.) Defendants further conclude that "[t]hese statements were materially false and constitute defamation," that plaintiff's statements "have damaged [d]efendants," and that plaintiff "acted in a willful, wanton, fraudulent, and/or malicious manner toward [defendants], thereby warranting an award of punitive damages." (*Id.* at 20–21.)

Defendants' counterclaim, on its face, does not allege reputational harm and does not identify the specific words used, "the persons to whom those words were published," or "the time and place of publication." *See Fisher*, at 1271–72; *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997) (rejecting claim as insufficient to enable a defense where alleged communications were made to "customers and the industry in general"). While the court has allowed amendment of claims when a plaintiff's defamation claims lacked sufficient information to enable a defense, defendants here do not ask to merely amend their claim language to cure their allegations, and the court's prior allowance predates the *Iqbal/Twombly* plausibility framework. *See Bushnell*, 973 F. Supp. at 1287 (denying dismissal and permitting amendment only so plaintiff may allege clarifying facts). Defendants may not look to discovery in the hopes of meeting their burden at the pleading stage. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Pursuant to Federal Rule of Civil Procedure 12(b)(6), because defendants have not sufficiently alleged a counterclaim for defamation, the court dismisses defendants' counterclaim.

**IT IS THEREFORE ORDERED** that Plaintiff/Relator Dr. David Edalati's Motion to Dismiss Counts III, VII, and VIII of Defendants' Counterclaims (Doc. 25) is granted.

Dated this 27th day of September, 2019, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**