## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES *ex rel.* MONA SABET<br>EDALATI and DAVID EDALATI; and<br>MONA SABET EDALATI and DAVID<br>EDALATI, individually,<br><br>    Plaintiffs/Relators,<br><br>v.<br><br>PARAMJEET SABHARWAL,<br>WANDA KANIEWSKI, KANSAS<br>INSTITUTE OF MEDICINE LLC,<br>KANSAS INSTITUTE OF MEDICINE,<br>INC., and MINIMALLY INVASIVE<br>SURGERY HOSPITAL, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-02395-EFM-GEB |

## MEMORANDUM AND ORDER

On June 2, 2020, the Court conducted an evidentiary hearing regarding Relators' Motion to Compel (**ECF No. 46**) and Defendants' Cross-Motion for Protective Order (**ECF No. 51**). Realtors appeared through counsel, Cory Nelson and Robert Tormohlen. Defendants appeared through counsel, Scott Hunter, and Defendant Paramjeet Sabharwal also appeared in person.

After considering the evidence presented at the hearing and reviewing the parties' written briefs and all attached exhibits (ECF Nos. 46, 47, 48, 51, 52, 56, and 57) the Court **GRANTED IN PART AND DENIED IN PART** Realtors' Motion to Compel and **DENIED WITHOUT PREJUDICE** Defendants' Cross-Motion for Protective Order. The previously-announced ruling of the Court is now memorialized below.

## I.    Introduction

The Court held an evidentiary hearing on June 2, 2020 regarding the outstanding issues contained in Relators' Motion to Compel and Defendants' Cross-Motion for Protective Order.  The Court previously conducted two status conferences regarding these Motions whereby several issues were resolved as a result.[1]  However, issues regarding (1) Relators' request for production of Defendants' financial documents; (2) Relators' request for expenses incurred in making their Motion to Compel; and (3) Defendants' request for Relators to pay its costs in gathering electronically stored information (ESI) relevant to certain discovery requests remained.  These issues were the subject of the June hearing.

The Court, after listening to the testimony of Defendant Sabharwal and considering the other evidence presented, ruled on these issues at the hearing.  The Court's rulings, along with a summary of the nature of the case as pertinent to the issues at hand, are discussed below in Sections II, III and IV.   Also, at the June hearing, the Court, after discussion with counsel, amended the Scheduling Order to better fit the litigation needs of the parties as the case proceeds.  The new deadlines are set forth in Section V of this Order.

## II.    Nature of the Case[2]

This case primarily concerns claims brought by Relators on the United States Government's behalf[3] against Defendants under the False Claims Act ("FCA").[4]

---

[1] *See* ECF Nos. 61, 62 and 67.

[2] *See* ECF Nos. 23, 27, and 47 regarding the information cited in this Section.  The information in this Section should not be construed as judicial findings or factual determinations.

[3] The United States declined to intervene in this matter, but 31 U.S.C. § 3730(b)(1) allows Relators to maintain the action in the name of the United States (ECF No. 11).

[4] 31 U.S.C. § 3729, et seq.

Defendant Paramjeet Sabharwal is a medical doctor and the sole owner/principal of Defendants Kansas Institute of Medicine, LLC ("KIM LLC"), Kansas Institute of Medicine, Inc. ("KIM Inc"), and Minimally Invasive Surgery Hospital, Inc. ("MISH"). Defendant Wanda Kaniewski is also a medical doctor and wife of Dr. Sabharwal.  MISH operates a for-profit hospital and the KIM Entities operate medical clinics.  Relators were formerly employed by the Defendant Entities as a primary care physician and manager of the KIM medical clinics. While employed, Relators state they witnessed many unlawful business practices by Dr. Sabharwal.  Based on those practices, Relators have asserted five counts of wrongdoing under the FCA against Defendants.  The Court will discuss the two counts relevant to the issues herein.

First, Relators allege violations of the Stark Law, which generally prohibits healthcare entities from submitting claims to Medicare or Medicaid for services provided pursuant to referrals from physicians with whom they have financial relationships.[5] Relators claim that because Dr. Sabharwal owns MISH and the KIM Entities, all patient referrals made by Dr. Sabharwal or Dr. Kaniewki to MISH or the KIM Entities doctors, as well as all referrals made by the KIM Entities doctors at Dr. Sabharwal's insistence and direction, facially violate the Stark Law unless some exception or safe harbor applies. Relators allege Dr. Sabharwal and Dr. Kaniewski made hundreds, if not thousands, of patient referrals to MISH.

---

[5] *See* 42 U.S.C. § 1395nn.

Second, Relators allege violations of the Anti-Kickback Statute ("AKS"), which makes it a FCA violation to "knowingly and willfully" receive "any remuneration" in return for "referring an individual to a person for the furnishing . . . of any item or service for which payment may be made . . . under a Federal health care program."[6]  Relators claim both MISH and Dr. Sabharwal (as MISH's sole owner) directly benefitted from the substantial numbers of referrals Dr. Sabharwal and Dr. Kaniewski generated to MISH, as well as from the substantial numbers of referrals made to MISH by Dr. Sabharwal's employee doctors at his insistence and direction.

## III.   Rulings Regarding Relators' Motion to Compel (ECF No. 46)

### A.   Requests for Production of Financial Documents

Relators propounded several discovery requests to Defendants seeking financial documents.  The first set of requests at issue were directed to Defendants MISH, KIM Inc and KIM LLC only (collectively referred to as "Defendant Entities").  The RFPs asked each entity to produce all documents reflecting its "financial condition from January 1, 2011 to the present, including but not limited to, all income statements, balance sheets, cash flow statements, audits, profit/loss statements, and tax returns."[7]  The other set of document requests at issue were propounded on all Defendants.  These RFPs request production of all documents from January 1, 2011 to the present "reflecting all distributions

---

[6] 42 U.S.C. § 1320a-7b.
[7] ECF No. 47, p. 17.

of money or property" to Dr. Sabharwal and/or Dr. Kaniewski, as well as between MISH and the KIM Entities.[8]

At the June 2, 2020 hearing, Defendants informed the Court they would produce the requested tax returns for the Defendant Entities subject to the entry of an attorney-eyes only protective order.  Defendants, however, continued to object to production of all other requested documents based on relevancy and confidentiality concerns.

Under Rule 26(b)(1), a party may receive discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . . ."  Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on" any party's claim or defense.[9]  In other words, courts should permit a request for discovery unless "*it is clear* that the information sought can have *no possible* bearing" on a claim or defense.[10]  Information need not be admissible in evidence to be discoverable, but the scope of discovery must be proportional to the needs of the case.[11]  Relevancy determinations are generally made on a case-by-case basis.[12]

Relators argue the financial condition of each Defendant Entity is relevant to establishing the "referral scheme" they allege violates the Stark Law and to proving the "remuneration" element of their AKS claims against Defendants.  Additionally, Relators

---

[8] *Id.* at 20.
[9] *In re EpiPen*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1586426, at *2 (D. Kan. Apr. 2, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).
[10] *Gilbert v. Rare Moon Media, LLC*, No. 15-MC-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001) (emphasis in original)).
[11] Fed. R. Civ. P. 26(b)(1).
[12] *In re EpiPen*, 2018 WL 1586426, at *2.

insist the information is relevant to whether Defendants qualify for certain exceptions or safe harbors under the FCA and AKS upon which Defendants rely.

Relators further argue discovery reflecting distribution of property and money is relevant to Defendants' defenses regarding certain exceptions to the Stark Law. Also, Relators claim evidence of MISH's distributions of money or property to Dr. Sabharwal and/or Dr. Kaniewski are directly relevant to Relators' AKS claims. Relators state that to the extent MISH provided inducements to Dr. Sabharwal and/or Dr. Kaniewski to generate improper patient referrals—through distributions of money or property—such inducements would provide prima facie proof of illegal kickbacks under the AKS.

Defendants argue the requested financial information is not relevant to FCA cases. In support, Defendants cite *Noaimi v. Zaid*[13] for the proposition that tax returns are irrelevant and not discoverable. However, *Noaimi* is not an FCA case. Additionally, the cited portion of the case concerned production of personal tax returns as opposed to the production of business documents. Here, Relators' requests primarily encompass business documents, but Relators are also seeking Dr. Sabharwal's and Dr. Kaniewski's personal tax returns.

The Court agrees with Defendants that personal tax returns invoke a higher degree of confidentiality concerns. This is reflected by the District's law surrounding production of the same:

> The Courts have developed a two-pronged test assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the court must find that the returns are relevant to the subject

---

[13] 283 F.R.D. 639, 643-43 (D. Kan. 2012).

matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.[14]

Here, the Court finds that the requested financial documents are relevant not only to Relators' claims as stated above, but also to the safe harbor exceptions Defendants rely on to deny wrongdoing. The Court, however, takes Dr. Sabharwal's and Dr. Kaniewski's concerns regarding the confidentiality of their personal tax returns seriously. At the June 2, 2020 hearing, Dr. Sabharwal's testimony established he and Dr. Kaniewski keep their tax returns private and have only shared them with their accountants, banks for lending purposes, and of course, the IRS. And, as admitted by both parties at the hearing, the Defendant Entities' business documents should provide Relators with the information they are seeking regarding distributions of property and money to Dr. Sabharwal and Dr. Kaniewski.

The Court therefore orders that all requested documents from Defendants MISH, KIM Inc. and KIM LLC be produced. As discussed during the hearing, this shall specifically include any document reflecting payment to any person or entity providing a healthcare service, including but not limited to Dr. Sabharwal and Dr. Kaniewski. However, at this time, Dr. Sabharwal and Dr. Kaniewski will not be ordered to produce their personal tax returns or any other personal financial documents. Neither will

---

[14] *Stephenson v. Young*, No. 10-2197-KHV-KGG, 2010 WL 4961709, at *3 (D. Kan. Nov. 29, 2010) (quoting *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997)).

Defendants be ordered to produce documents from any business entity other than MISH, KIM Inc. and KIM LLC.  If, after review of the above documents, Relators can show the Court a need for further information, including personal financial documents or documentation from other entities, the Court may allow supplemental production at that time.  However, as stated during the hearing, the need for such documentation must be directly relevant to the issues in this case.

For the above reasons, Relators' Motion to Compel regarding their requests for production of financial documents is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.  Within **30 days from the date of this Order**, Defendants shall supplement their discovery responses by producing the above-ordered financial documents to Relators.  Within **7 days of the date of this Order**, the parties should submit an attorney-eyes only protective order to the Court regarding these financial documents as discussed during the June 2, 2020 hearing.

### 2.     Discovery Requests Regarding Medicare Cost Reports and Gall Bladder/ Bariatric Surgeries

Before the June 2, 2020 hearing, Defendants agreed to produce its Medicare Cost Reports for the years 2014 to 2018.  An issue arose during the hearing regarding Defendants' certification of certain Cost Reports.  As ordered by the Court during the hearing, Defendants shall be allowed **30 days from the date of this Order** to supplement their responses to show certification.

Also, during the June 2, 2020 hearing, the parties came to an agreement regarding Interrogatory Number 11 issued to Defendant MISH, which sought certain information

regarding gall bladder and bariatric surgeries performed within 6 months of each other. Defendant MISH initially opposed production by arguing a response to the same would be unduly burdensome because it did not keep such information in the ordinary course of business. However, during the hearing, Dr. Sabhawaral stated MISH could produce its Operating Room Logs, which would contain relevant information. Relators stated this would be acceptable. Thus, **within 30 days from the date of this Order,** MISH should produce the referenced Operating Logs to Relators.

### 3.      Expenses under Fed. R. Civ. P. 37(a)(5)(A)

Relators, pursuant to Fed. R. Civ. P. 37(a)(5)(A), ask Defendants to pay for their reasonable expenses incurred in making the Motion to Compel. Rule 37(a)(5)(A) provides:

> If the motion [to compel] is granted, --or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Relators argue Defendants' lengthy delay in producing discovery already agreed upon and boilerplate objections to producing the other requested discovery have no substantial justification. The Court, however, declines to award expenses in this instance. While the Court does not condone Defendants' delay in producing agreed-upon discovery, it takes into consideration the voluminous and complex nature of the requests, which seek information and documents spanning the last nine years. With that being said, the Court

expects Defendants to timelier respond to discovery as this case progresses, and if deadlines cannot be met, Defendants should promptly confer with Relators regarding the same. As explained during the June 2, 2020 hearing, such leniency will not be shown in the future if the Court believes delay tactics are being employed by any party.

## IV.    Defendants' Cross-Motion for Protective Order (ECF No. 51)

In response to Relators' Motion to Compel, Defendants requested a protective order regarding the discovery requests outlined on pages 13-16, 23-25 and 25-26. While Defendants do not object to producing the discovery as narrowed by Relators, they do ask that Realtors bear the costs of producing the ESI related to these requests. In particular, Defendants ask Relators to pay for the time it would take Defendants' staff to locate and gather the ESI. Accordingly, per Rule 26(c)(1)(B), Defendants ask for entry of a protective order allocating the expenses of this discovery to Relators.

Pursuant to Rule 26(c)(1)(B) courts have broad discretion to protect a responding party from "undue burden or expense" by conditioning discovery on the requesting party's payment of costs. Because of the presumption that the responding party should bear the expense of complying with the requests, Defendants have the burden to establish the discovery expense would be excessive enough to justify cost-shifting.[15] In determining whether to impose discovery costs upon Relators, courts should consider the factors set forth in Rule 26(b)(1). These include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[15] *See Cooper Clinic, P.A. v. Pulse Sys., Inc.*, No. 14-1305-JAR-GLR, 2017 WL 396286, at *6-7 (D. Kan. Jan. 30, 2017).

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[16]

After listening to the testimony of Dr. Sabharwal and considering the other evidence submitted at the June 2, 2020 hearing, the Court finds Defendants have not, at this time, met their burden to shift costs.  While Dr. Sabharawal's testimony did establish some of the ESI is not readily accessible and it would be time consuming to gather the requested information, he did not provide any concrete evidence regarding Defendants' resources, an estimated total number of staff hours, or an estimated total cost for Defendants to comply with the discovery requests.  Without such information, it is difficult for the Court to truly access undue burden and expense.[17]  Additionally, the Court finds the issues at stake in this action to be important and the discovery requested necessary to resolving the issues.

With that being said, however, the Court does not want to be impervious to the financial toll complying with the discovery requests will have on Defendants, not to mention that staff time devoted to gathering documents is staff time away from caring for patients.  And, while Relators estimate the damages in this case to be millions of dollars, the Court finds their discovery requests overly broad and burdensome.  Thus, as discussed during the hearing, the Court directs the parties to confer regarding the core information Relators are really seeking and whether a sampling can be done to give Relators an idea of

---

[16] *Id.*

[17] *See, e.g., id.* (denying request for discovery costs where defendants failed to provide an estimated cost for compliance); *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2016 WL 11268866, at *1 (D. Kan. Feb. 1, 2016) ("[T]he party seeking a protective  order based on undue burden or expense must submit affidavits or other detailed explanation as to the nature and extent of the claimed burden or expense.").

what this information contains.  The intent behind this order is to get Relators the information they truly need to prosecute their case while lessening the burden on Defendants.

Therefore, the Court will **DENY WITHOUT PREJUDICE** Defendants' Cross-Motion for a Protective Order.  If, after engaging in meaningful conferral as contemplated by the Court, the parties cannot find a way forward, Defendants may renew their request.

## V.      Revised Scheduling Order

Prior to the June 2, 2020 hearing, the Court stayed all case deadlines.  At the hearing, and after consultation with counsel, the Court revised the Scheduling Order (ECF No. 34) to proceed in phases to better comport with the discovery needs of the parties.   In accordance therewith, the parties shall shave until **August 5, 2020** to complete written discovery.  The Court will conduct a status conference on **August 7, 2020 at 10:00 am** to discuss the next phase of litigation, which will include mediation, depositions of fact witnesses, and expert disclosures and depositions.  The status conference will be conducted by dial-in telephone conference unless the undersigned determines there are discovery issues requiring counsel to appear in person.  Counsel must dial 888-363-4749 and enter Access Code 9686294 to join the status conference.

The Court reminds the parties and counsel they are strongly encouraged to contact the undersigned magistrate judge with any discovery or scheduling concerns if issues

remain unresolved after the parties have complied with the District's meet and confer requirements.[18]

**IT IS THEREFORE ORDERED** that Relators' Motion to Compel is **GRANTED IN PART AND DENIED IN PART** and Defendants' Cross-Motion for Protective Order in **DENIED WITHOUT PREJUDICE.** Within **30 days from the date of this Order**, Defendants shall supplement their discovery responses as set forth in Section III above, including submitting an attorney-eyes only protective order regarding Defendants' financial documents within **7 days from the date of this Order.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of June, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[18] *See* D. Kan. Rule 37.2 (requiring counsel to in good faith talk with each about their issues rather than exchanging emails or letters).